OPINION
The following is an appeal from a judgment of the Lake County Court of Common Pleas, Juvenile Division, terminating the parental rights of appellant, Karen Congos, with respect to her son, Charles Congos (d.o.b. July 29, 1996), and granting permanent custody to the Lake County Department of Human Services ("LCDHS"), n.k.a. the Lake County Department of Jobs and Family Services. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Appellant contends that the trial court erred by not making specific findings in its judgment entry, and by applying outdated law. Appellant also asserts that the trial court abused its discretion by granting the motion for permanent custody since LCDHS failed to prove by clear and convincing evidence the statutory requirements set forth in R.C.2151.414(B) and (E).
In determining a motion for permanent custody, the trial court must adhere to the guidelines set forth in R.C. 2151.414.[1] That statute provides a number of factors to be considered. In the case sub judice, appellant contends that the trial court failed to address or consider each of these factors. Instead, the trial court made the blanket statement that it "considered all the factors required by the statute to be considered." This was clearly insufficient.
In In re Alexander (Dec. 19, 1997), Trumbull App. No. 96-T-5510, unreported, and In re Ethington (July 23, 1999), Trumbull App. No. 98-T-0084, unreported, this court addressed the identical issue raised herein and concluded that a juvenile court's judgment entry must discuss all of the factors listed in R.C. 2151.414(D).
Based upon the foregoing authority, the trial court's judgment entry is insufficient on its face. Hence, appellant's first assignment of error is sustained. Accordingly, it would be premature to address appellant's second assignment of error which is a challenge to the trial court's decision on a substantive basis. Until a proper judgment entry is filed, there is nothing for this court to review. Thus, appellant's second assignment of error is moot and need not be addressed pursuant to App.R. 12(A)(1)(c).
The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
 ___________________ O'NEILL, J.
CHRISTLEY, P.J., NADER, J., concur.
[1] R.C. 2151.414 has since been amended, but the version applicable to this case became effective September 18, 1996.